FILED
CLERK, U.S. DISTRICT COURT

8/25/2020

CENTRAL DISTRICT OF CALIFORNIA
BY:        DD        DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>AMBIANCE U.S.A., INC., and<br>SANG BUM NOH,<br>   aka "Ed Noh,"<br><br><br>        Defendants. | No.  2:20-cr-00370-VAP<br><br>I N F O R M A T I O N<br><br>[18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 1956(a)(2)(A): International Promotional Money Laundering; 18 U.S.C. § 541: Entry of Goods Falsely Classified; 18 U.S.C. § 542: Entry of Goods by Means of False Statements; 18 U.S.C. § 545: Passing False and Fraudulent Papers Through Customhouse; 31 U.S.C. §§ 5331(a)(1), 5322(b): Failure to File Report of Currency Transaction in a Non-Financial Trade or Business; 26 U.S.C. § 7206(1): Making and Subscribing to a False Tax Return; 18 U.S.C. §§ 545, 981, and 982, 26 U.S.C. § 7301, 28 U.S.C. § 2451, 31 U.S.C. § 5317: Criminal Forfeiture] |

The United States Attorney charges:

INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

Structure of Ambiance U.S.A, Inc.

1.    Defendant AMBIANCE U.S.A., INC., doing business as

"Ambiance Apparel" ("defendant AMBIANCE"), was incorporated in 1999

in the State of California, was located at 2465 East 23rd Street, Los Angeles, California.  Defendant AMBIANCE was a trade or business operating as an importer and exporter of textiles and garments from China, Vietnam, Cambodia, and elsewhere, with large customers including retail apparel chains, and smaller customers including individuals who owned small businesses, mostly in Mexico.

2.     Defendant SANG BUM NOH, also known as "Ed Noh" ("defendant NOH"), was the key manager and day-to-day operator of defendant AMBIANCE.

3.     Coconspirator 1 was a Certified Public Accountant employed by defendant AMBIANCE.

Importation Process of Foreign Goods

4.     The United States Department of Homeland Security, Customs and Border Protection ("CBP") was an agency responsible for administering and enforcing the customs laws of the United States and collecting the duties, taxes, and fees owed to the United States by the importers of merchandise.

5.     When a shipment of foreign goods reached the United States, the importer or consignee was required to file entry documents for the merchandise, which required specific information relating to the imported goods, such as an accurate description of the merchandise, the purchase price of the merchandise, the terms of sale, and all costs and services determined by law to be dutiable.  Entry documents could be filed electronically and included documents such as invoices, a packing list, a bill of lading, and CBP forms, such as Form 7501 (Entry Summary), which contained the final invoice purchase price.  CBP relied on entry documents to assess the proper duties and taxes for the imported merchandise.

Ownership of AMBIANCE and Tax Structure

6.    The Internal Revenue Service of the United States Treasury Department ("IRS") was an agency responsible for administering and enforcing the tax laws of the United States and collecting the taxes owed to the Treasury of the United States by its citizens.

7.    Defendant AMBIANCE was a subchapter S corporation.  As such, its gross sales and net income were reported on a Form 1120S, United States Income Tax Return for an S Corporation, which was filed with the IRS.  Taxable income generated by defendant AMBIANCE was reported on an IRS Schedule K-1 that was given to the taxpayer owner, defendant NOH's spouse.  The income "flowed through" the corporation to the owner without being taxed at the corporate level.  Instead, the net income was reported as such by the owner, defendant NOH's spouse, who was subject to federal income tax, on her individual income tax returns filed jointly with her husband, defendant NOH, on Form 1040, U.S. Individual Income Tax Return.

8.    Defendant AMBIANCE used an accounting software system known as "LAMBS" to record its sales, receipts of payment, and accounts receivable. Defendant AMBIANCE and Coconspirator 1 also used LAMBS to compile end-of-year information for tax purposes, which Coconspirator 1 forwarded to the accountants/tax preparers for defendant AMBIANCE to use in preparing defendant AMBIANCE's annual corporate tax returns and the individual joint tax return for defendant NOH.

Currency Reporting Requirements

9.    Under federal law, whenever a nonfinancial trade or business, such as defendant AMBIANCE, received over $10,000 in currency in one transaction or two or more related transactions that occur within one year, the business was required to file a notice

3

with the Secretary of the Treasury known as an IRS Form 8300 ("Form 8300") no later than 15 days after the transaction over $10,000.

10.   These Introductory Allegations are incorporated into each Count of this Information.

COUNT ONE

[18 U.S.C. § 371]

[ALL DEFENDANTS]

A.   OBJECTS OF THE CONSPIRACY

Beginning on a date unknown to the United States Attorney, but no later than January 1, 2010, and continuing until on or about September 10, 2014, in Los Angeles County, within the Central District of California, and elsewhere, defendants AMBIANCE and NOH, and others known and unknown to the United States Attorney, conspired with each other to:

1.   Knowingly and intentionally transport, transmit, and transfer, and attempt to transport, transmit, and transfer monetary instruments and funds from a place in the United States to and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, namely, entering goods into the United States by means of false and fraudulent statements, in violation of Title 18, United States Code, Section 1956(a)(2)(A);

2.   Knowingly and willfully enter and introduce goods into the United States by means of false and fraudulent statements, in violation of Title 18, United States Code, Section 542;

3.   Knowingly, willfully, and with the intent to defraud the United States, pass or cause to pass false and fraudulent documents through a United States customhouse, in violation of Title 18, United States Code, Section 545;

4.   Knowingly cause defendant AMBIANCE to fail to file currency transaction reports as required by Title 31, United States Code, Section 5331(a), and the regulations promulgated thereunder, in

violation of Title 31, United States Code, Section 5324(b)(1) and as part of a pattern of illegal activity involving more than $100,000 in a 12-month period, in violation of Title 31, United States Code, Section 5324(d)(2); and

5.   Knowingly and willfully make and subscribe tax returns, which were verified by a written declaration made under penalty of perjury, and which defendant NOH did not believe to be true and correct as to a material matter, in violation of Title 26, United States Code, Section 7206(1).

B.   MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

The objects of the conspiracy were to be accomplished, in substance, as follows:

CUSTOMS FRAUD AND RELATED MONEY LAUNDERING

1.   Defendants AMBIANCE and NOH would order garments from manufacturers in China, Vietnam, Cambodia, and elsewhere for defendant AMBIANCE's stores in Los Angeles.

2.   At defendants AMBIANCE and NOH's direction, the manufacturers would prepare two invoices for each order: (a) one invoice that reflected a portion of the value that was later declared to CBP as the value of the imports; and (b) a second, supplemental invoice that reflected the remaining balance of the true cost of the garments to defendant AMBIANCE.

3.   Defendant AMBIANCE's employees, at the direction of defendant NOH, would forward the false, undervalued invoice to defendant AMBIANCE's customs broker, who would transmit the information to CBP as proof of the importation price of the

merchandise for purposes of determining the tariff due on the importation.

4.   Defendants AMBIANCE and NOH would pay the amount on the false invoice to the manufacturer via letter of credit.

5.   Defendants AMBIANCE and NOH would pay the remainder owed on the second, supplemental invoice to the manufacturer via wire transfer.

6.   Defendants AMBIANCE and NOH would thereby underpay customs tariffs by reporting only a portion of the value of the merchandise it imported.

7.   In total, defendants AMBIANCE and NOH, together with co-conspirators known and unknown to the United States Attorney, knowingly, willfully, and with intent to defraud the United States, submitted false invoices that resulted in an undervaluation of imported merchandise of approximately $82,669,853, which caused approximately $17,169,492.72 in unpaid tariffs owed to CBP by defendant AMBIANCE.

8.   As part of this conspiracy, defendants AMBIANCE and NOH, together with co-conspirators known and unknown to the United States Attorney, sent approximately 438 individual wire transfers from defendant AMBIANCE's bank accounts in Los Angeles, California to defendant AMBIANCE's suppliers' bank accounts outside of the United States, all of which were sent to promote the importation of the undervalued merchandise.

FAILURE TO FILE CURRENCY TRANSACTION REPORTS (FORM 8300s)

9.   Defendant AMBIANCE would receive large amounts of United States currency exceeding $10,000 as payment for open invoices from its customers.

10.   Defendants AMBIANCE and NOH, together with co-conspirators known and unknown to the United States Attorney, would fail to file reports of currency transactions exceeding $10,000 to the Internal Revenue Service on a Form 8300 as required by law.

11.   Through this conspiracy, defendants AMBIANCE and NOH, together with co-conspirators known and unknown to the United States Attorney, knowingly failed to file Form 8300s for approximately $11,103,123 worth of currency received from approximately 364 individual cash sales transactions that each exceeded $10,000.

FALSE STATEMENT IN FILED TAX RETURNS

12.   With defendant NOH's knowledge and approval, Coconspirator 1 would reduce the value of cash sales received by defendant AMBIANCE so that sales reported were lower than the true sales amounts received by defendant AMBIANCE.

13.   With defendant NOH's knowledge and approval, Coconspirator 1 would send false sales reports to defendant AMBIANCE's outside accountants for purposes of preparing defendant AMBIANCE's and defendant NOH's annual tax returns.

14.   Defendant NOH would thereby cause the outside accountants to omit the deleted cash sales from the schedule K-1, Shareholder's Share of Income, Deductions, and Credits, issued to the sole shareholder, defendant NOH's spouse.

15.   As a result, defendant NOH would knowingly fail to include the unreported sales on his tax returns and would sign, subscribe, swear to, and file those returns knowing that they omitted substantial amounts of income through cash sales and that the returns contained material misrepresentations about their total income.

C.   OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, on or about the following dates, defendants AMBIANCE and NOH, and others known and unknown to the United States Attorney, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act Nos. 1 through 10: On or about the following dates, defendants AMBIANCE and NOH caused the following amounts to be wire transferred from an account at a financial institution in the Central District of California, to an account at a financial institution located outside of the United States:

| OVERT ACT | DATE | WIRE TRANSFER AMOUNT | OUTGOING BANK | BENEFICIARY BANK, LOCATION | BENEFICIARY PAID |
|---|---|---|---|---|---|
| 1 | 10/3/13 | $32,912.16 | East West Bank | Bank of China Deqing Branch, China | Zhejiang Cathaya Huameng Knitting Co., Ltd. |
| 2 | 10/4/13 | $228,614.40 | East West Bank | Bank of China Suzhou Branch, China | Suzhou Hengsheng I/E Co., Ltd. |
| 3 | 11/1/13 | $317,793.96 | East West Bank | Bank of China Hangzhou Binjiang sub-Branch, China | Hangzhou Xinyi Garments Co., Ltd. |
| 4 | 11/6/13 | $272,513.33 | East West Bank | Woori Bank-Seoul 203, Hoehyon Dong 1-GA,Chung-Gu Seoul, Korea | Alim Intertex Co., Ltd. |

| OVERT ACT | DATE | WIRE TRANSFER AMOUNT | OUTGOING BANK | BENEFICIARY BANK, LOCATION | BENEFICIARY PAID |
|---|---|---|---|---|---|
| 5 | 11/7/13 | $230,288.25 | East West Bank | Bank of Communications Taizhou Branch, China | Jiangsu Weina Fashion Co., Ltd |
| 6 | 11/12/13 | $165,720.84 | East West Bank | Shanghai Pudong Development Bank Suzhou, China | Jiangyin Hongxin Garment Making Co., Ltd. |
| 7 | 11/14/13 | $278,262.79 | East West Bank | Zhejiang Pinghu Rural Cooperative Bank, Pinghu, China | Pinghu Huabiou Knitting Garments Co., Ltd |
| 8 | 11/15/13 | $265,085.45 | East West Bank | Hongkong and Shanghai Banking Hong Kong | Super Wonder World Wide Ltd. |
| 9 | 4/21/14 | $185,452.68 | HSBC | HSBC Hong Kong | Super Wonder World Wide Ltd. |
| 10 | 6/5/14 | $55,072.08 | HSBC | One Bank Limited 97, Gulshan Avenue Dhaka Bangladesh | Chunji Knit Ltd. |

Overt Act Nos. 11 through 20:  On or about the following dates,
defendants AMBIANCE and NOH, and others known and unknown to the
United States Attorney, knowingly and willfully entered and
introduced imported merchandise, namely, garments from China, into
the commerce of the United States by means of materially false and
fraudulent invoices and statements, without reasonable cause to

believe the truth of such statements.  Specifically, defendants AMBIANCE and NOH stated, and caused to be stated, that the following false and fraudulent invoices represented the total value of the merchandise imported into the United States, whereas, in fact, as defendants AMBIANCE and NOH then knew, the false invoices undervalued the merchandise imported into the United States in amounts as follows:

| OVERT ACT | ENTRY DATE | ENTRY NO. | FALSE VALUE DECLARED | AMOUNT UNDERVALUED (SECOND PAYMENT) | RESULTING DUTY NOT PAID |
|---|---|---|---|---|---|
| 11 | 9/3/2013 | HE801385544 | $49,368 | $32,912.16 | $9,281.23 |
| 12 | 9/17/2013 | HE801388571 | $77,340 | $76,865.76 | $24,597.04 |
| 13 | 9/22/2013 | HE801390247 | $84,313 | $56,208.36 | $8,685.09 |
| 14 | 9/26/2013 | HE801390684 | $310,034 | $205,587.12 | $32,893.94 |
| 15 | 10/7/2013 | HE801393688 | $168,470 | $72,201.60 | $20,360.85 |
| 16 | 10/11/2013 | HE801394082 | $148,631 | $99,420.96 | $23,227.71 |
| 17 | 10/15/2013 | HE801394041 | $139,992 | $92,964.00 | $29,748.48 |
| 18 | 10/20/2013 | HE801396525 | $250,609 | $167,072.64 | $44,942.54 |
| 19 | 4/9/2014 | HE801439994 | $205,094 | $87,897.60 | $9,492.94 |
| 20 | 6/25/2014 | HE801457814 | $128,689 | $55,072.08 | $15,530.33 |

Overt Act Nos. 21 through 30:  On or about the following dates, defendants AMBIANCE and NOH, together with others known and unknown to the United States Attorney, knowingly, willfully, and with intent to defraud the United States, made out and passed, and caused to be made out and passed, through a customhouse of the United States, the false and fraudulent documents set forth below:

| OVERT ACT | ENTRY DATE | FALSE AND FRAUDULENT DOCUMENT |
|---|---|---|
| 21 | 9/3/2013 | Forms 7501 and 3461, bearing entry number HE801385544, falsely declaring that total entered value of the merchandise was $49,368 instead of the true value paid of $82,280.40. |
| 22 | 9/17/2013 | Forms 7501 and 3461, bearing entry number HE801388571, falsely declaring that total entered value of the merchandise was $77,340 instead of the true value paid of $154,206. |
| 23 | 9/22/2013 | Forms 7501 and 3461, bearing entry number HE801390247, falsely declaring that total entered value of the merchandise was $84,313 instead of the true value paid of $140,520.90. |
| 24 | 9/26/2013 | Forms 7501 and 3461, bearing entry number HE801390684, falsely declaring that total entered value of the merchandise was $310,034 instead of the true value paid of $515,621.52. |
| 25 | 10/7/2013 | Forms 7501 and 3461, bearing entry number HE801393688, falsely declaring that total entered value of the merchandise was $168,470 instead of the true value paid of $240,672. |
| 26 | 10/11/2013 | Forms 7501 and 3461, bearing entry number HE801394082, falsely declaring that total entered value of the merchandise was $148,631 instead of the true value paid of $248,052. |
| 27 | 10/15/2013 | Forms 7501 and 3461, bearing entry number HE801394041, falsely declaring that total entered value of the merchandise was $139,992 instead of the true value paid of $232,956. |
| 28 | 10/20/2013 | Forms 7501 and 3461, bearing entry number HE801396525, falsely declaring that total entered value of the merchandise was $139,992 |

| OVERT ACT | ENTRY DATE | FALSE AND FRAUDULENT DOCUMENT |
|---|---|---|
| | | instead of the true value paid of $232,956. |
| 29 | 4/9/2014 | Forms 7501 and 3461, bearing entry number HE801439994, falsely declaring that total entered value of the merchandise was $205,094 instead of the true value paid of $323,052. |
| 30 | 6/25/2014 | Forms 7501 and 3461, bearing entry number HE801457814, falsely declaring that total entered value of the merchandise was $128,689 instead of the true value paid of $183,760.92. |

Overt Act Nos. 31 through 36:  On or about the following dates, defendants AMBIANCE and NOH, and others known and unknown to the United States Attorney, received the following amounts of currency over $10,000 without filing reports of currency transactions:

| OVERT ACT | PAID DATE | AMOUNT RECEIVED | INVOICE NUMBER | CUSTOMER |
|---|---|---|---|---|
| 31 | 11/15/2012 | $14,193.00 | 67779 | A.R. |
| 32 | 11/21/2012 | $17,610.00 | 68691 | A.R. |
| 33 | 1/11/2013 | $33,900.00 | 74642 | A.R. |
| 34 | 1/24/2013 | $19,344.00 | 76232 | A.R. |
| 35 | 3/15/2013 | $20,535.00 | 83280 | A.R. |
| 36 | 4/5/2013 | $34,915.00 | 86452 | A.R. |

Overt Act No. 37:  In May 2012, with defendant NOH's knowledge and approval, Coconspirator 1 created a false sales journal for 2011, omitting approximately $13,422,908 in cash sales, and reporting instead total store sales of only $22,477,743.29, instead of the correct total of $36,439,102.

13

<u>Overt Act No. 38:</u>   On May 9, 2012, defendant NOH caused this falsified 2011 sales journal to be sent to outside accountants for defendant AMBIANCE, to be used to prepare financial statements and tax returns for 2011.

<u>Overt Act No. 39:</u>   On October 8, 2012, defendant NOH subscribed to and authorized the filing of his individual joint tax return, Form 1040, for the tax year 2011.

<u>Overt Act No. 40:</u>   In June 2013, with defendant NOH's knowledge, Coconspirator 1 created a false sales journal for 2012, omitting approximately $6,662,641 in cash sales, and reporting instead total store sales of only $8,477,795.77 instead of the true and complete sales report amount of $15,141,772.87.

<u>Overt Act No. 41:</u>   On June 4, 2013, defendant NOH caused the falsified 2012 sales journal to be sent to outside accountants for defendant AMBIANCE, to be used to prepare financial statements and tax returns for 2012.

<u>Overt Act No. 42:</u>   On October 9, 2013, defendant NOH subscribed to and authorized the filing of his individual joint tax return, Form 1040, for the tax year 2012.

COUNT TWO

[18 U.S.C. § 1956(a)(2)(A)]

[DEFENDANT AMBIANCE]

On or about November 14, 2013, in Los Angeles County, within the Central District of California, and elsewhere, defendant AMBIANCE U.S.A., INC. knowingly transferred monetary instruments and funds, namely, $278,262.79, from an account at a financial institution in the Central District of California, to an account at a financial institution outside of the United States, with the intent to promote the carrying on of specified unlawful activity, namely:

1.    Entry of goods falsely classified as to value and payment of less than the amount of duty legally due, in violation of Title 18, United States Code, Section 541;

2.    Entry of goods into the United States by means of false and fraudulent statements, in violation of Title 18, United States Code, Section 542; and

3.    Passing false and fraudulent documents through a United States customhouse, in violation of Title 18, United States Code, Section 545;

through the following transaction:

| DATE | WIRE TRANSFER AMOUNT | OUTGOING BANK | BENEFICIARY BANK, LOCATION | BENEFICIARY PAID |
|---|---|---|---|---|
| 11/14/13 | $278,262.79 | East West Bank | Zhejiang Pinghu Rural Cooperative Bank, Pinghu, China | Pinghu Huabiou Knitting Garments Co., Ltd |

COUNT THREE

[18 U.S.C. §§ 541, 2(b)]

[DEFENDANT AMBIANCE]

On or about October 15, 2013, in Los Angeles County, within the Central District of California, and elsewhere, defendant AMBIANCE U.S.A., INC. and others known and unknown to the United States Attorney, knowingly effected, and willfully caused to be effected, the entry of goods and merchandise, upon a false classification as to their value and by payment of less than the amount of duty legally due, namely:

| ENTRY DATE | ENTRY NO. | FALSE VALUE DECLARED | AMOUNT UNDERVALUED (SECOND PAYMENT) | RESULTING DUTY NOT PAID |
|---|---|---|---|---|
| 10/15/2013 | HE801394041 | $139,992 | $92,964.00 | $29,748.48 |

COUNT FOUR

[18 U.S.C. §§ 542, 2(b)]

[DEFENDANT AMBIANCE]

On or about October 15, 2013, in Los Angeles County, within the Central District of California, and elsewhere, defendant AMBIANCE U.S.A., INC. and others known and unknown to the United States Attorney, entered and introduced, and willfully caused to be entered and introduced, imported merchandise, namely, garments from China, into the commerce of the United States by means of materially false and fraudulent invoices and statements, without reasonable cause to believe the truth of such statements.  Specifically, defendant AMBIANCE stated, and willfully caused to be stated, that the false and fraudulent invoice represented the total value of the merchandise imported into the United States, whereas, in fact, as defendant AMBIANCE then knew and believed, the false invoice undervalued the merchandise imported into the United States in the amount as follows:

| ENTRY DATE | ENTRY NO. | DECLARED VALUE (FALSE INVOICE) | UNDER-VALUATION (SECOND PAYMENT) | RESULTING DUTY NOT PAID |
|---|---|---|---|---|
| 10/15/2013 | HE801394041 | $139,992 | $92,964.00 | $29,748.48 |

COUNT FIVE

[18 U.S.C. §§ 545, 2(b)]

[DEFENDANT AMBIANCE]

On or about October 15, 2013, in Los Angeles County, within the Central District of California, and elsewhere, defendant AMBIANCE U.S.A., INC. and others known and unknown to the United States Attorney, knowingly, willfully, and with intent to defraud the United States, made out and passed, and caused to be made out and passed, through a customhouse of the United States, the false and fraudulent documents set forth below, in order to influence action by the United States:

| ENTRY DATE | FALSE AND FRAUDULENT DOCUMENT |
|---|---|
| 10/15/2013 | Forms 7501 and 3461, bearing entry number HE801394041, falsely declaring that total entered value of the merchandise was $139,992 instead of the true value paid of $232,956. |

COUNTS SIX THROUGH EIGHT

[31 U.S.C. §§ 5331(a), 5322(b)]

[DEFENDANT AMBIANCE]

On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant AMBIANCE U.S.A., INC. knowingly and willfully failed to file a report of domestic currency transaction over $10,000 in a trade or business, and did so as part of a pattern of illegal activity involving more than $100,000 in a 12-month period, upon receipt of the following currency amounts:

| COUNT | PAID DATE | AMOUNT RECEIVED | INVOICE NUMBER | CUSTOMER |
|-------|-----------|-----------------|----------------|----------|
| SIX   | 10/30/2013 | $53,010.00 | 104558 | A.R. |
| SEVEN | 11/26/2013 | $27,930.00 | 122133 | A.R. |
| EIGHT | 04/15/2014 | $33,000.00 | 136869 | A.R. |

COUNT NINE

[26 U.S.C. § 7206(1)]

[DEFENDANT NOH]

On or about October 8, 2012, in Los Angeles County, within the Central District of California, and elsewhere, defendant SANG BUM NOH, also known as "Ed Noh," a resident of Los Angeles County, California, willfully made and subscribed to a materially false United States Individual Income Tax Return, Form 1040, for the calendar year 2011, which was prepared and signed in the Central District of California, filed with the Internal Revenue Service, and which defendant NOH verified as true, correct, and complete by a written declaration made under penalty of perjury, and which tax return defendant NOH did not believe to be true and correct as to every material matter, in that the return falsely omitted $13,422,908 in taxable income from Ambiance, U.S.A., Inc. to defendant NOH and his spouse, when, in fact, as defendant NOH then knew, the amount of taxable income was substantially higher.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.     Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offense set forth in Count One of this Information.

2.     Any defendant so convicted shall forfeit to the United States of America the following:

(a)   all right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offense; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.     Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982 and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Two of this Information.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  Any property, real or personal, involved in any such offense, and any property traceable to such property; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), the defendant, if so convicted, shall forfeit substitute property, if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty. Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as an intermediary who handled but did not retain the property in the

22

course of the money laundering offense unless the defendant, in committing the offense or offenses giving rise to the forfeiture, conducted three or more separate transactions involving a total of $100,000.00 or more in any twelve-month period.

FORFEITURE ALLEGATION THREE

[18 U.S.C. §§ 982 and 545]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982 and 545, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Three through Five of this Information.

2.   The defendant, if so convicted, shall forfeit to the United States the following:

(a) All right, title, and interest in any and all property, real or personal constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of each such offense;

(b)  Any and all merchandise introduced into the United States in violation of Title 18, United States Code, Section 545, or the value thereof; and

(c)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been

24

transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION FOUR

[31 U.S.C. § 5317]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 31, United States Code, Section 5317, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Six through Eight of this Information.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)    All property, real or personal, involved in any such offense and any property traceable thereto; and

(b)    To the extent that such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p) and Title 31, United States Code, Section 5317(c)(1)(B), the defendant, if so convicted, shall forfeit substitute property, if, by any act or omission of the defendant, the property described in the preceding, or any portion thereof; (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION FIVE

[26 U.S.C. § 7301]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, 7301, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Nine of this Information.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) Any property sold or removed by the convicted defendant in fraud of the internal revenue laws, or with design to avoid payment of such tax, or which was removed, deposited, or concealed, with intent to defraud the United States of such tax or any part thereof;

(b) All property manufactured into property of a kind subject to tax for the purpose of selling such taxable property in fraud of the internal revenue laws, or with design to evade the payment of such tax;

(c) All property whatsoever, in the place or building, or any yard or enclosure, where the property described in subsection (a) or (b) is found, or which is intended to be used in the making of property described in subsection (a), with intent to defraud the United States of tax or any part thereof, on the property described in subsection (a);

(d) All property used as a container for, or which shall have contained, property described in subsection (a) or (b);

(e) Any property (including aircraft, vehicles, vessels, or

27

draft animals) used to transport or for the deposit or concealment of property described in subsection (a) or (b), or any property used to transport or for the deposit or concealment of property which is intended to be used in the making or packaging of property described in subsection (a); and

      (f)   To the extent that such property is not available for forfeiture, a sum of money equal to the total value of the property described in this paragraph.

    3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//
//
//
//
//
//
//
//
//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

NICOLA T. HANNA
United States Attorney

*Brandon Fox*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

CAROL A. CHEN
Assistant United States Attorney
Chief, International Narcotics,
Money Laundering, &
Racketeering Section

LUCY B. JENNINGS
Assistant United States Attorney
International Narcotics,
Money Laundering, &
Racketeering Section