NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
LUCY B. JENNINGS
Assistant United States Attorney
International Narcotics, Money Laundering,
& Racketeering Section
JONATHAN GALATZAN (Cal. SBN: 190414)
Assistant United States Attorney
Asset Forfeiture Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-2727
    Facsimile:  (213) 894-0142
    E-mail:   Jonathan.Galatzan@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20-370-VAP |
| Plaintiff, | GOVERNMENT'S APPLICATION FOR PRELIMINARY ORDER OF FORFEITURE PURSUANT TO PLEA AGREEMENT |
| v. | |
| AMBIANCE U.S.A., INC., | |
| Defendant. | |

//

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff United States of America hereby applies for issuance of a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b) and the Plea Agreement filed in this case, as to the property that defendant AMBIANCE U.S.A., INC. doing business as "Ambiance Apparel," ("defendant") has agreed to forfeit to the United States of America:

a.    $1,104,997.55 in U.S. Currency seized by law enforcement officials on September 20, 2014.

This application, which deals solely with the specific property as to which forfeiture is sought (described in detail above) is supported by defendant's guilty plea, the factual basis stated during defendant's plea proceeding, and the matters set forth in the accompanying Memorandum of Points and Authorities.

DATED: October 6, 2020            Respectfully submitted,

                                  NICOLA T. HANNA
                                  United States Attorney

                                  BRANDON D. FOX
                                  Assistant United States Attorney
                                  Chief, Criminal Division

                                  LUCY B. JENNINGS
                                  Assistant United States Attorney
                                  International Narcotics, Money
                                  Laundering, & Racketeering Section


                                  */s/ Jonathan Galatzan*
                                  JONATHAN GALATZAN _
                                  Assistant United States Attorney
                                  Asset Forfeiture Section

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. INTRODUCTION**

Defendant AMBIANCE U.S.A, INC. entered a plea of guilty to Counts One through Eight of the Information, charging defendant with Conspiracy, in violation of 18 U.S.C. § 371 (Count One); International Promotional Money Laundering, in violation of 18 § 1956(a)(2)(A) (Count Two); Entry of Goods Falsely Classified, in violation of 18 U.S.C. § 541 (Count Three); Entry of Goods by Means of False Statements, in violation of 18 U.S.C. § 542 (Count Four); Passing False and Fraudulent Papers Through Customhouse, in violation 18 U.S.C. § 545 (Count Five); and Failure to File Report of Currency Transaction in a Non-Financial Trade or Business, in violation of 31 U.S.C. §§ 5331(a)(1) and 5322(b) (Counts Six through Eight).

In paragraph 4 of the plea agreement, defendant agreed to forfeit all right, title, and interest in:

a. $1,104,997.55 seized by law enforcement officials on September 20, 2014 (the "Forfeitable Property").

Pursuant to Rule 32.2(b), the government now applies for the entry of the Preliminary Order of Forfeiture of the Forfeitable Property (the proposed order is lodged contemporaneously herewith). The government also requests that the forfeiture of the Forfeitable Property be stated orally at defendant's sentencing and set forth in defendant's Judgment and Commitment Order.

//

//

## II.  ARGUMENT

### A.  <u>The Nexus Between Defendant's Crime and the Forfeitable Assets Has Been Established by the Plea Agreement</u>

Rule 32.2 of the Federal Rules of Criminal Procedure provides, in pertinent part:

> As soon as practicable after entering a guilty verdict or accepting a plea of guilty or nolo contendere on any count in an indictment or information with regard to which criminal forfeiture is sought, the court must determine whether the government has established the requisite nexus between the property and the offense. . . . The court's determination may be based on . . . any written plea agreement . . . .

Fed. R. Crim. P. 32.2(b)(1).  The Advisory Committee Notes for this provision explain that for the preliminary order of forfeiture, the court must determine "if the property was subject to forfeiture under the applicable statute, e.g., whether the property represented the proceeds of the offense . . . ."  Advisory Committee Notes to Rule 32.2, subdivision (a) (2000 Adoption).  The standard of proof regarding the forfeitability of property in a criminal case is preponderance of the evidence.  <u>See</u> <u>United States v. Najjar</u>, 300 F.3d 466, 485-86 (4th Cir. 2002); <u>United States v. Shryock</u>, 342 F.3d 948, 991 (9th Cir. 2003) (following <u>Najjar</u>); <u>United States v. DeFries</u>, 129 F.3d 1293, 1312 (D.C. Cir. 1997); <u>United States v. Hernandez-Escarsega</u>, 886 F.2d 1560, 1576-77 (9th Cir. 1989) (interpreting language in 21 U.S.C. § 853); <u>United States v. Bieri</u>, 21 F.3d 819 (8th Cir. 1994)(§ 853).

Thus, the only question before the Court in connection with

the requested entry of the proposed Preliminary Order is whether the evidence before the Court is enough to establish by a preponderance of the evidence that there is a nexus between the specific property to be forfeited, and the offense to which defendant pled guilty.  <u>See</u> Rule 32.2(b)(1).

The existence or extent of third-party interests in the specific property will be determined after the entry of the preliminary order.  <u>See</u> <u>United States v. Lazarenko</u>, 476 F.3d 642, 648 (9th Cir. 2007) ("Upon a finding that the property involved is subject to forfeiture, a court must promptly enter a preliminary order of forfeiture without regard to a third party's interests in the property.").  The preliminary order should be entered promptly in order to avoid unnecessary delay in the forfeiture process and resolve potential third party rights.  <u>United States v. Yeje-Cabrera</u>, 430 F.3d 1, 15 (1st Cir. 2005).  The defendant need not be present when the preliminary order is entered. <u>United States v. Segal</u>, 495 F.3d 826, 837-38 (7th Cir. 2007).

The government is not required to establish the defendant's ownership of the property either to seize it or to obtain a preliminary order of forfeiture, and third parties are prohibited from intervening in the criminal case, and cannot complain that they have to wait for the ancillary proceeding to assert their rights.  <u>Almeida v. United States</u>, 459 F.3d 377, 381 (2d Cir. 2006); 18 U.S.C. § 1963(i).  As explained in the Advisory Committee Notes to Rule 32.2 (2000), the Rule was revised with the intent to eliminate confusion over whether the extent of the defendant's ownership interest should be

5

determined by the finder of fact.  The new rule clarified that the only question upon conviction or a guilty plea is whether there is a nexus between the violation of which the defendant has been convicted (or to which he has pled) and the property sought - if there is, the court should enter an order forfeiting "whatever interest a defendant may have in the property without having to determine exactly what that interest is."[1]   A defendant cannot object to the entry of a preliminary order on the ground that the property at issue does not belong to him. United States v. Schlesinger, 396 F. Supp. 2d 267, 273 (E.D.N.Y. 2005).

Here, all the proof that is necessary is contained in the defendant's written plea agreement.[2]  Defendant pled guilty to Counts One through Eight of the Information.  Therefore, the requirements of Rule 32.2(b) have been met and the proposed Preliminary Order should be entered.

---

[1] Criminal forfeiture is part of the defendant's sentence, so it is available only if the defendant is convicted of the underlying substantive offense. Lazarenko, supra.  If the defendant is convicted, his interest in the property must be forfeited regardless of what that interest is, so it is not necessary to determine the extent of the interest.  The only issues left to be determined concerning ownership are those of non-defendant third parties, whose interests are determined in the ancillary process.  Only after that process is complete does the government obtain a Final Order of Forfeiture.

[2] The defendant's admissions are more than sufficient to establish forfeitability, but the Court is not required to find a factual basis for the defendant's agreement to criminal forfeiture. See United States v. Ken Int'l Co., Ltd., 113 F.3d 1243, 1997 WL 229114, at *3 (9th Cir. 1997).

**B.    The Mechanics of the Criminal Forfeiture**

The Preliminary Order of Forfeiture becomes final as to the defendant at the time of sentencing (or before sentencing, if defendant consents).  Rule 32.2(b)(3).  After entry of the preliminary order, the second phase of the forfeiture proceedings may begin, to determine whether any third party rights may exist in the specific property to be forfeited.  Fed. R. Crim. P. 32.2(c)(1).

Accordingly, the government respectfully requests that the Court enter the proposed Preliminary Order of Forfeiture lodged contemporaneously herewith, authorizing the government to seize the property subject to forfeiture (to the extent it has not already done so) and to commence proceedings governing third-party rights. Fed. R. Crim. P. 32.2(b)(3).  The government will publish notice generally.  Following such notification and completion of any necessary ancillary proceedings, the government will submit, as appropriate, a final order of forfeiture pursuant to Fed. R. Crim. P. 32.2(c).

**III. FORFEITURE MUST BE PRONOUNCED AT SENTENCING**

At sentencing, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the "order of forfeiture becomes final as to the defendant and shall be made a part of the sentence and included in the judgment."

The Court must pronounce the forfeiture conditions orally as part of the sentence imposed on the defendant, and must include the forfeiture in the judgment and commitment order.  See United States v. Gaviria, 116 F.3d 1498, 1530 (D.C. Cir. 1997) (forfeiture portion of the defendant's sentence must be

announced in his presence pursuant to Fed. R. Crim. P. 43(a)).
The government recommends the following language be read to the
defendant and modified as necessary for inclusion in the
judgment and commitment order at the time of his sentencing:

> Pursuant to 18 U.S.C. §§ 545, 981, and 982; 31 U.S.C.
> § 5317; and 26 U.S.C. § 7301, and Counts One through
> Eight of the Information, defendant AMBIANCE U.S.A.,
> INC. dba "Ambiance Apparel" has forfeited all of their
> right, title, and interest in the specific property
> more particularly described in the Preliminary Order
> of Forfeiture entered on [date].

//
//

# IV.   CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court forthwith enter the proposed Preliminary Order of Forfeiture lodged herewith.

DATED: _October_6, 2020          Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

/s/ Jonathan Galatzan
LUCY B. JENNINGS
Assistant United States Attorney
International Narcotics, Money
Laundering, & Racketeering Section


JONATHAN GALATZAN _
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA