NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
LUCY B. JENNINGS
Assistant United States Attorney
International Narcotics, Money Laundering,
& Racketeering Section
JONATHAN GALATZAN (Cal. Bar. No. 190414)
Assistant United States Attorney
    312 N. Spring St., 14th Floor
    Los Angeles, CA 90012
    Telephone: (213) 894-2727
    Facsimile: (213) 894-0142
    E-mail: jonathan.galatzan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>AMBIANCE U.S.A., INC.,<br><br>       Defendant. | No. CR 20-370-VAP<br><br>STIPULATION FOR ENTRY OF MONEY JUDGMENT AGAINST DEFENDANTS AMBIANCE U.S.A., INC. AND SANG BUM NOH |
|---|---|

The United States of America ("the government") and defendants AMBIANCE U.S.A., INC. and SANG BUM NOH ("Defendants"), by and through their undersigned counsel, respectfully submit this stipulation for entry of a Money Judgment of Forfeiture against Defendants in the sum of $81,564,856.08. The proposed Money Judgment of Forfeiture is being lodged contemporaneously with this stipulation.

In the previously filed plea agreement, Defendant AMBIANCE USA, INC. has agreed to plead guilty to Counts One through Eight of the Information, charging defendant with Conspiracy, in violation of 18 U.S.C. § 371 (Count One); International Promotional Money Laundering, in violation of 18 § 1956(a)(2)(A) (Count Two); Entry of Goods Falsely Classified, in violation of 18 U.S.C. § 541 (Count Three); Entry of Goods by Means of False Statements, in violation of 18 U.S.C. § 542 (Count Four); Passing False and Fraudulent Papers Through Customhouse, in violation 18 U.S.C. § 545 (Count Five); and Failure to File Report of Currency Transaction in a Non-Financial Trade or Business, in violation of 31 U.S.C. §§ 5331(a)(1) and 5322(b) (Counts Six through Eight).  Defendant Sang Bum Noh has agreed to plead guilty to Counts One and Nine of the Information, charging defendant with Conspiracy, in violation of 18 U.S.C. § 371 (Count One); and Making and Subscribing to a False Tax Return, in violation of 26 U.S.C. § 7206(1) (Count Nine).

Defendants have agreed, as part of their sentence, to forfeit all right, title, and interest in and to the proceeds of the offenses to which they are pleading guilty, totaling $81,564,856.08. Defendants have agreed to satisfy their obligation to pay the money judgment according to the following payment schedule, also detailed in Exhibit E of the plea agreement:

The money judgment of forfeiture shall be payable to the United States on the following schedule:

1) $10,000,000.00, is due and payable no later than 90 days after defendant SANG BUM NOH's sentencing date;

2) The remaining $71,564,856.08 is to be paid in five equal installments of $14,312,971.22 each, with the first payment due and payable no later than one year after Defendant SANG BUM NOH's

sentencing date, (the "First Payment Date"), with the remaining four installments to each be paid annually, no later than one year from the previous installment, for the remaining four years.

If at any time during the proposed payment schedule, Defendants are unable to make a payment in accordance with the schedule outlined above, they shall notify the USAO by certified mail no later than 120 days prior to the date such payment is due. Such notice shall be provided to:

    United States Attorney's Office
    Chief of the Criminal Division
    312 N. Spring Street, Suite 1200
    Los Angeles, CA 90012

Upon such notification, Defendant will:

    1) Within 10 days of a request by the USAO, provide the USAO with credit report on Ed Noh (SANG BUM NOH) and Annie Noh.

    2) Upon request by the USAO, consent and make available – to the USAO and agents working on its behalf – any and all financial documents and related information pertaining to Ambiance, Ed Noh, and Annie Noh.

    3) Complete updated Financial Disclosure Statements (provided by the USAO) with respect to Ed Noh and Ambiance and deliver the updated, signed, and dated statements to the USAO no later than seven (7) days after notifying the USAO. Copies of the signed statements, along with all required supporting documentation, shall be mailed to:

    United States Attorney's Office
    Chief of the Criminal Division
    312 N. Spring Street, Suite 1200
    Los Angeles, CA 90012

4) No later than seven (7) days after notifying the USAO, disclose to the USAO any and all property, real or personal, in which Ed Noh, Annie Noh, or Ambiance have any ownership interest. To aid the USAO in assessing defendants' ability to pay in accordance with the payment schedule, Ed Noh and Ambiance agree that the USAO may request discovery in accordance with Federal Rule of Civil Procedure 69(a)(2) and that such rule applies to the financial obligations as set forth in the payment schedule.

If the USAO determines that Defendants are unable to pay in accordance with the schedule outlined above, the parties will notify the Court and request a modified payment schedule. If the USAO identifies substitute assets in which Ambiance, Ed Noh, and/or Annie Noh have an ownership interest, the USAO may ask the Court to allow such assets to be seized and forfeited to satisfy the judgment pursuant to Federal Rule of Criminal Procedure 32.2(e)(1)(B).

The parties hereby stipulate to the entry of a Money Judgment of Forfeiture against Defendants in the amount of $81,564,856.08, which money judgment shall become final at the time of sentencing.

The entry of the Order is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure, and 18 U.S.C. § 982(a)(2)(B) (7). *See United States v. Baker*, 227 F.3d 955 (7th Cir. 2000) (a forfeiture order may include a money judgment for the amount of money involved in the money laundering offense; the money judgment acts as a lien against the defendant personally for the duration of his prison term and beyond); *United States v. Candelaria-Silva*, 166 F.3d 19 (1st Cir. 1999) (criminal forfeiture order may take several forms: money judgment, directly forfeitable property, and substitute assets); *United States v. Davis*, 177 F. Supp.2d 470 (E.D. Va. 2001) (same, following *Candelaria-Silva*);

4

*United States v. Conner*, 752 F.2d 566, 576 (11th Cir. 1985) (because criminal forfeiture is *in personam*, it follows defendant; it is a money judgment against the defendant for the amount of money that came into his hands illegally; the Government is not required to trace the money to any specific asset); *United States v. Ginsburg*, 773 F.2d 798, 801-02 (7th Cir. 1985) (*en banc*) (criminal forfeiture is a personal judgment that requires the defendant to pay the total amount derived from the criminal activity, "regardless of whether the specific dollars received from that activity are still in his possession"); *United States v. Amend*, 791 F.2d 1120, 1127 (4th Cir. 1986) (same); *United States v. Robilotto*, 828 F.2d 940, 949 (2d Cir. 1987) (following *Conner* and *Ginsburg*; the court may enter a money judgment for the amount of the illegal proceeds regardless of whether defendant retained the proceeds); *United States v. Navarro-Ordas*, 770 F.2d 959, 969 (11th Cir. 1985) (court may enter "personal money judgment" against the defendant for the amount of the illegally obtained proceeds); *United States v. Voigt*, 89 F.3d 1050, 1084, 1088 (3d Cir. 1996) (the Government is entitled to a personal money judgment equal to the amount of money involved in the money laundering offense); *United States v. Holland*, 160 F.3d 377, 380 (7th Cir. 1998) (defendant ordered to pay judgment equal to value of property concealed from bankruptcy court and subsequently laundered); *United States v. Corrado*, 227 F.3d 543 (6th Cir. 2000) (*Corrado I*) (remanding case to the district court to enter money judgment for the amount derived from a RICO offense); *United States v. Saccoccia*, 823 F. Supp. 994, 1006 (D.R.I. 1993) (money judgment for the amount laundered, $136 million, entered against each defendant), *aff'd*, 58 F.3d 754 (1st Cir. 1995); *United States v. Sokolow*, 1995 WL 113079 at *1 (E.D. Pa. 1995) (because money is fungible, the Government need

5

not receive the identical money involved in the money laundering offense so long as the amount involved is known), *aff'd*, 81 F.3d 397 (3d Cir. 1996); *United States v. Cleveland*, 1997 WL 537707 at *11 (E.D. La. 1997) (the Government is entitled to a money judgment equal to the amount of money that defendant laundered in money laundering case); *United States v. Stewart*, 1998 WL 720063 (E.D. Pa. 1998) (court enters money judgment for "aggregate sum of all money laundering counts for which defendant was convicted"), *aff'd* as modified, 185 F.3d 112 (3d Cir. 1999); *United States v. Henry*, 850 F. Supp. 681, 683 (M.D. Tenn. 1994) (court enters money judgment for $191,206, which was the amount of Medicare fraud proceeds defendant was convicted of laundering), *aff'd*, 64 F.3d 664, 1995 WL 478635 (6th Cir. 1995) (Table); *United States v. Delco Wire and Cable Co., Inc.*, 772 F. Supp. 1511 (E.D. Pa. 1991) (criminal forfeiture is "like a money judgment that runs against the defendant until satisfied in full"; judgment entered for $10 million, which was the amount of the racketeering proceeds).

//
//

By virtue of Defendants' admission of the amount of money derived from the offenses and related conduct set forth in the Information for which Defendants have agreed to plead guilty, the parties agree that a money judgment of forfeiture is properly entered against Defendants.  The statutory bases for the forfeiture order are 18 U.S.C. §§ 545, 981, and 982; 31 U.S.C. § 5317; and 26 U.S.C. § 7301.

IT IS SO STIPULATED

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

 /s/                                                  10/5/2020
LUCY B. JENNINGS                                      Date
Assistant United States Attorney
International Narcotics, Money Laundering,
& Racketeering Section
JONATHAN GALATZAN
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff United States of America

/s/                                                   10/5/2020
BENJAMIN GLUCK, Esq.                                  Date

Attorney for Defendants AMBIANCE U.S.A., INC. and SANG BUM NOH