TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SCOTT D. DUBOIS (Cal. Bar No. 307110)
Assistant United States Attorney
International Narcotics, Money
 Laundering & Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0882
     Facsimile: (213) 894-0142
     E-mail:   scott.dubois@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-370-VAP-2 |
|---|---|
| Plaintiff, | GOVERNMENT'S SUPPLEMENTAL SENTENCING POSITION REGARDING DEFENDANT SANG BUM NOH |
| v. | |
| SANG BUM NOH, aka "Ed Noh," | Hearing Date: December 6, 2021
Hearing Time: 9:00 p.m. |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Scott D. Dubois, hereby files its sentencing position with respect to Defendant Sang Bum Noh.

//

//

This Sentencing position is based upon the attached memorandum of points and authorities, the presentence investigation report, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: November 30, 2021

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

      /s/
SCOTT D. DUBOIS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES**

On October 9, 2020, defendant Sam Bung "Ed" Noh ("defendant") pleaded guilty to one count of criminal conspiracy with co-defendant Ambiance U.S.A., Inc. ("Ambiance") and one count of making or subscribing a false tax return.  One object of the conspiracy count was the knowing and willful failure to file Forms 8300, which report when a business such as Ambiance receives more than $10,000 in one transaction or two or more related transaction that occur within one year, in violation of 31 U.S.C. §§ 5331(a) and 5322(b).  At defendant's request, the government files this supplemental statement to reiterate its position that there is no evidence that defendant knew or believed the cash that he and Ambiance failed to report in Forms 8300 constituted criminal proceeds (and thus no basis to apply Guidelines enhancements not specified in the plea agreement, such as USSG § 2S1.3(b)(1)(A), two-level enhancement if the defendant "knew or believed that the funds were proceeds of unlawful activity, or were intended to promote unlawful activity" or offense "involved bulk cash smuggling").

As stated in the government's sentencing memorandum, filed on November 19, 2021, enforcement of these reporting laws stymies the laundering of criminal proceeds.  To be clear, individuals who knowingly and willfully fail to file Forms 8300 need not know that the cash being transacted constitutes criminal proceeds in order to violate these laws.  And, in fact, the government does not contend that there is evidence defendant knew or suspected that the approximately $11 million in cash received by him and Ambiance in this case without filing a Form 8300 constituted criminal proceeds. Instead, the government has argued that defendant and Ambiance's

knowing and willful failure to file Forms 8300 -- after warnings by their accountants and, later, the Department of Homeland Security -- appears, however inadvertently, to have materially aided the laundering of drug proceeds being moved in connection with one or more Black Market Peso Exchanges operating in the fashion district of Los Angeles.  Though defendant and Ambiance did not know the cash they received was drug proceeds, the fact that some of the cash was traceable to an undercover agent working at the direction of a peso exchanger cooperating with law enforcement demonstrates how defendant, Ambiance, and others who willfully disregard reporting statutes, detrimentally impact the community.

   Accordingly, the government urges the Court to apply the Guidelines calculations set forth in the plea agreement, the PSR, and its initial sentencing position, and to sentence defendant to 57 months' imprisonment, representing the low-end of the applicable Guidelines range.