Benjamin N. Gluck - State Bar No. 203997
bgluck@birdmarella.com
Christopher J. Lee - State Bar No. 5555107
clee@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Sang Bum Noh, aka "Ed Noh", Ambiance Apparel, Inc., Apparel Line, Inc., and Related Entities

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AMBIANCE U.S.A., INC. d/b/a "Ambiance Apparel"<br><br>Defendants. | CASE NO. 2:20-cr-00370-VAP-2<br><br>**STATUS REPORT BY DEFENDANT AMBIANCE U.S.A., INC. D/B/A "AMBIANCE APPAREL"**<br><br>[Filed Concurrently with Declaration of Benjamin N. Gluck]<br><br>Assigned to Hon. Virginia A. Phillips Dept. 8A |

Defendant Ambiance U.S.A., Inc., d/b/a "Ambiance Apparel" ("Defendant" or "Ambiance"), by and through its counsel of record, hereby submits the following status report:

## I. STATUS OF AMBIANCE'S COMPLIANCE MONITORSHIP

1. On October 16, 2020, the Court issued a Judgment and Probation Order (the "Order"), Dkt. 46, ordering Ambiance to "retain an independent, third-party compliance monitor (the "Monitor") to review and assess in a professionally independent and objective fashion [Ambiance's] compliance with anti-money laundering laws, as well as [Ambiance's] compliance with the terms of defendant's sentence in this matter." *Id.* at 3. On January 21, 2021, the Court issued a further order appointing Martin G. Laffer, principal of the firm CliftonLarsonAllen, LLP, as

monitor for Ambiance for a term of three years. Dkt. 55.

3. On May 20, 2022, Mr. Laffer issued his second report, confirming that "Ambiance owners and management have diligently installed the proper honest and ethical environment to prevent future unlawful activity" and asking that the Court "[end] the appointment of the Compliance Monitor and [suspend] the requirement for a third review next year." Declaration of Benjamin N. Gluck ("Gluck Decl.") **Ex. A** at 6.

4. Also on May 20, 2022, Ambiance's counsel sent an email to the Government asking if they would join in Mr. Laffer's request to terminate the monitorship. *See* Gluck Decl. **Ex. B**. Despite repeated requests, the Government did not substantively respond until October 10, 2022, when it indicated that it would not agree to Mr. Laffer's request to terminate the monitorship early. *See id.* **Ex. C**.

5. Ambiance has been informed by Mr. Laffer that he will retire at the end of this calendar year. Because Mr. Laffer was individually appointed by the Court, the monitorship cannot be transferred to another monitor. Instead, a new monitor would need to be appointed by the Court. Ambiance has made the government aware of its concerns regarding Mr. Laffer's retirement, and (due to the Government's unwillingness to agree to early termination of the monitorship) the need to timely stipulate to the appointment of a replacement monitor. *See* Gluck Decl. **Ex D.**

6. On December 5, 2022, Ambiance's counsel sent an email to the Government asking if it would stipulate to the appointment of Peter Morris of Barnes & Thornburg LLP as a replacement monitor.[1] Gluck Decl. **Ex. D**. Despite repeated attempts to follow up, the Government has not responded to this

---

[1] Mr. Morris is a former AUSA who currently works full time on two of the largest monitorships in the country. His resume and experience is available at https://btlaw.com/people/peter-morris.

suggestion.

7. Ambiance brings this issue to the Court's attention in light of the current monitor's retirement at the end of this month. Ambiance suggests that the Court follow the recommendation of the current monitor and permit the monitorship to terminate and suspend the requirement for a third report. To the extent the Court is inclined to continue the monitorship, Ambiance suggests that Peter Morris be appointed, or at the very least, the Government be ordered to engage with Ambiance so that a new monitor may be appointed.

## II. AMBIANCE'S RECEIPT OF ERRONEOUS IRS COLLECTION NOTICES

8. The Plea Agreements for Ambiance and Defendant Ed Noh, Dkt. 6-7, provided that both Defendants would be jointly and severally liable for $35,227,855.45 in restitution (the "Restitution Amount"), and that the Restitution Amount would be satisfied in full by $35,227,855.45 in funds previously seized from Defendants by law enforcement officials on September 20, 2014 (the "Seized Funds"). Dkt. 6 at 98:15-99:9. The Restitution Amount includes "$16,806,412.04 due to the Internal Revenue Service in unpaid taxes, penalty, and interest" for the tax years 2011 and 2012 (the "IRS Restitution Amount"). *Id.* at 98:17-19.

9. Based on the case inquiry sheet for this matter, $16,806,412.04 – the exact sum of the IRS Restitution Amount – was transmitted by the Court to the IRS on January 3, 2022. Gluck Decl. **Ex. E**.

10. Since October 15, 2022, Ambiance and its principals have received notices from the IRS seeking to collect $11,239,905.07 in taxes, penalties, and interest for the tax year 2011 and $5,321,057.05 for the tax year 2012 – $16,561,962.12 in total, which corresponds almost exactly to the IRS Restitution Amount. Gluck Decl. **Ex. F**.

11. On October 17, 2022, Ambiance's counsel contacted the Government, informing them that the IRS was attempting to collect on the same money twice, and

asking that they confirm with the IRS that the IRS Restitution Amount had already been paid.  Ambiance's counsel pointed out that the Plea Agreement obligated the Government to use that money to pay the restitution amount, which the IRS now seems to be unaware of. Gluck Decl. **Ex. G.**

12. After initially declining to get involved, on November 4, 2022, the Government ultimately agreed to work on the issue "so you don't get any further invoices." Gluck Decl. **Ex. G**.

13. Despite this, on December 10, 2022, Ambiance received another collection notice from the IRS for the same funds but also indicating that interest is accruing.  Ambiance immediately forwarded these notices to the Government and requested clarification.  The Government has declined to respond in any way. Gluck Decl. **Ex. H.**

14. Ambiance notifies the Court of these events through this Status Report out of an abundance of caution, and to clarify that it remains in full compliance with the terms of its Plea Agreement.[2]  Ambiance contends that the Government is obligated under the plea agreement to properly apply the seized funds to the IRS obligations and that the current IRS efforts to collect the funds again show that the Government has failed thus far to fulfill this obligation.

---

[2] Indeed, apart from the restitution payment, Ambiance was obligated to make another substantial payment in early December.  It paid the full amount early.

DATED: December 27, 2022

Benjamin N. Gluck
Christopher J. Lee
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By: /s/ *Benjamin N. Gluck*
 Benjamin N. Gluck
 Attorneys for Sang Bum Noh, aka "Ed Noh", Ambiance Apparel, Inc., Apparel Line, Inc., and Related Entities